GUIDRY, J.,
concurs in the result and assigns reasons.
hi disagree with the majority’s conclusion that the prejudgment interest awarded to the Orillions is exempt from taxation under La. R.S. 47:46(2). Whether prejudgment interest is taxable under this provision turns upon whether such interest constitutes damages recéived on account of personal injuries. In order to make this determination, the nature of prejudgment interest must be examined.
Under Louisiana law, prejudgment interest is meant to fully compensate the injured party for the use of funds to which he is entitled, but does not enjoy, because the defendant has maintained control over the funds during the pendency of the action. Thus, prejudgment interest serves as compensation to an injured party for the lost time value of money, rather than as' compensation for the personal injuries he has suffered. See La. C.C. art. 2000; Corbello v. Iowa Production, 2002-0826 (La.2/25/03), 850 So.2d 686, 706; Chamberlain v. United States, 401 F.3d 335, 344-46 (5th Cir.2005). Thus, I believe prejudgment interest cannot, within the contemplation of La. R.S. 47:46(2), be considered damages received by an injured party on account of his personal injuries.
Nevertheless, I believe the prejudgment interest at issue herein is exempt from taxation under La. R.S. 47:293(6)(b), which provides that:
^Interest on obligations of the state of Louisiana ... title to which obligations vested with a resident individual shall be excluded from “tax table income” and is hereby declared exempt from state income taxation.
The judgment ordering the state of Louisiana to pay damages to, the Orillions clearly was an obligation of the state. Further, La. R.S. 13:4203 provides that legal interest attaches from the date of judicial demand “on all judgments, sounding in damages, “ex delicto”. Therefore, since the prejudgment interest at issue attached on an obligation of the state (i.e., the judgment), that interest is exempt from taxation under La. R.S. 47:293(6)(b).